UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MONTARIO D. BOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 22-1080-SHM-tmp |
| | ) | |
| AVA LITTLE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DISMISSING CASE;
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
NOTIFYING BOND OF APPELLATE FILING FEE; AND
RECOMMENDING THIS DISMISSAL BE TREATED AS A STRIKE UNDER
§ 28 U.S.C. 1915(g)**

On April 28, 2022, Plaintiff Montario D. Bond filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Bond was incarcerated at the Obion County Jail (the "Jail") in Union City, Tennessee, when he filed the complaint. (ECF No. 1-1 at PageID 5.) On May 2, 2022, Bond filed an amended complaint. (ECF No. 4.) On May 20, 2022, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 7 (the "IFP Order").) The IFP Order notified Bond that, "[i]f [he] is transferred to a different prison or released, he [must] notify the Court immediately, in writing, of his change of address." (*Id*. at PageID 30.)

On April 5, 2023, the Court dismissed the Consolidated Complaint (ECF Nos. 1 & 4) without prejudice, granted leave to amend within twenty-one (21) days, and directed Bond to provide his updated address to the Court. (ECF No. 8. (the "Screening Order").) Bond's deadline

to amend expired on Wednesday, April 26, 2023.  Bond failed to timely file an amended complaint, to notify the Court of his updated address, or to seek extensions of time to do so.

Therefore, the Court DISMISSES this case with prejudice in its entirety for the reasons discussed in the Screening Order.  Judgment will be entered in accordance with that prior Order.

For § 1915(g) analysis of Bond's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g).  *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).  *See also* ECF No. 8 at PageID 37 (recommending that a dismissal of this case for Bond's failure to timely amend be treated as a strike pursuant to § 1915(g).)

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Bond would not be taken in good faith.  If Bond nevertheless chooses to file a notice of appeal, Bond must either (1) pay the entire $505 appellate filing fee or, if Bond is confined at that time, (2) submit a new *in forma pauperis* affidavit and a current, certified copy of Bond's inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

**IT IS SO ORDERED**, this 9th day of June, 2023.

      /s/ *Samuel H. Mays, Jr.*
      SAMUEL H. MAYS, JR.
      UNITED STATES DISTRICT JUDGE